UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL RAY FITZPATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-CV-36-SNLJ |
| | ) | |
| BRAD STOTIER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Michael Ray Fitzpatrick (registration no. 528662) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court will grant the motion and assess an initial partial filing fee of $9.77. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the pleadings, the Court finds that process should issue as to defendant Brad Stotier in his individual capacity. The Court will deny plaintiff's motion to amend his claims by interlineation [Doc. #8], because the Court does not accept amendments by interlineation.[1]

---

[1] In addition, the Court notes that because defendant Brad Stotier is not a federal actor, plaintiff may not assert a *Bivens* claim against him. Plaintiff has properly brought his constitutional claims against Stotier, who is a state actor, under 42 U.S.C. § 1983. Moreover, plaintiff has already indicated that he is suing

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2).

---

Stotier in his individual and official capacities, and therefore, there is no reason to amend the complaint to restate this. If plaintiff wishes to amend his complaint in the future, he must file a motion requesting leave of Court to do so and attach his proposed amended complaint to the motion. Plaintiff is advised that if he is allowed to file an amended complaint, the Court will not consider any claims or allegations that are not included in the amended complaint, even if they were asserted in an earlier pleading; the amended complaint will replace his original pleadings and will be the only complaint this Court reviews. Plaintiff is reminded that even pro se litigants are obligated to abide by the Federal Rules of Civil Procedure. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances").

The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $48.83, and an average monthly account balance of $16.18. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.77, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An

action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint and Supplement

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendant Brad Stotier (Cape Girardeau police officer). Liberally construing the pleadings, plaintiff is alleging that, during his pretrial confinement at the Cape Girardeau County Jail, defendant Stotier violated his Fourteenth Amendment rights when he shot plaintiff in the back with a taser for no justifiable reason, thereby causing plaintiff physical pain and injury. Plaintiff claims that Stotier's brutality and unnecessary excessive use of force violated his Fourteenth Amendment rights. Plaintiff is suing defendant Stotier in both his individual and official capacities.

## Discussion

A review of the complaint [Doc. #1] and supplement [Doc. #7] indicates that plaintiff has stated actionable claims for relief against defendant Brad Stotier in his individual capacity relative to the violation of plaintiff's Fourteenth Amendment

5

rights. Said claims survive review under 28 U.S.C. § 1915(e)(2)(B), and therefore, the Court will order defendant Brad Stotier to reply to the complaint and supplement in his individual capacity. *See* 42 U.S.C. § 1997e(g)(2).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, plaintiff's claims are legally frivolous and fail to state a claim upon which relief can be granted as to defendant Brad Stotier in his official capacity, and the Court will order that all said claims be dismissed without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $9.77 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without first showing good cause, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint by interlineation [Doc. #8] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint and supplement [Docs. #1 and #7] as to defendant Brad Stotier in his individual capacity only.

**IT IS FURTHER ORDERED** that, in his individual capacity, defendant Brad Stotier shall file an answer or other responsive pleading to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, as to defendant Brad Stotier in his official capacity.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal will be filed separately.

Dated this 21st day of June, 2013.

_____
**UNITED STATES DISTRICT JUDGE**